# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | Case No.: 16-40401-BTR-7 |
| EXIOM SITE SERVICES, LLC | ) | (Chapter 7) |
| D/B/A SOUTHERN STAR | ) | |
| EXCAVATIOINS AND | ) | |
| DEMOLITION, | ) | |
| | ) | |
| Debtor. | ) | |

_____

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Midtown Mark, LLC ("Midtown"), a creditor and party-in-interest in the above-referenced bankruptcy case (the "Case"), files its *Motion for Relief From Automatic Stay* (the "Motion") pursuant to 11 U.S.C. § 362(d), respectfully stating as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  The instant matter is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND FACTS

2.      On March 2, 2016, Exiom Site Services, LLC, d/b/a Southern Star Excavations and Demolition (the "Debtor"), filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      Chris Moser has been appointed the Chapter 7 Trustee (the "Trustee") in the Case.

4.      Midtown has contracted with the Debtor in one or more instances and is a party to one or more agreements (the "Agreements") with the Debtor for the development of roads and infrastructure for Midtown Lofts, Phase One (the "Project").

5.      The Debtor has closed its business and will not be performing its responsibilities under the Agreements.

## RELIEF FROM STAY

6.      Midtown seeks relief from the automatic stay "for cause" pursuant to 11 U.S.C. § 362(d)(1) due to Debtor's inability to perform its responsibilities under the Agreements, threatening to cause substantial and irreparable injury to Midtown with respect to the Project.

7.      On or about March 1, 2016, the Debtor ceased performing its responsibilities under the Agreements and stopped any and all work pertaining to the Project.

8.      Section 362(d)(1) states that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause." 11 U.S.C. § 362(d)(1).

9.      "Cause" exists to grant Midtown relief from the automatic stay, to the extent it applies, because the Debtor has completely abandoned its responsibilities under the Agreements and the Debtor does not intend to, and cannot, resume performance under the Agreements. Because the Debtor does not intend to perform its responsibilities under the Agreements, the Agreements have no value to the Debtor or its bankruptcy estate.  The automatic stay, if it

applies to Midtown, merely limits Midtown's ability to terminate the contract with the Debtor as party to the Agreements and provides no tangible benefit or protection to the Debtor.

10.     Further, the automatic stay should be lifted for "cause," to the extent it applies, to enable Midtown to exercise any rights, remedies, or causes of action with respect to any bonds associated with the Agreements.

11.     Midtown must be allowed to terminate any and all Agreements with the Debtor as a party to the Agreements to maintain its work schedule on the Project and take any further steps as may be necessary to enable Midtown to continue to perform work on the Project including, but not limited to, (i) terminating any and all Agreements with the Debtor (ii) exercising any and all rights in regards to the bonds and surety, and (iii) taking any other steps under law or equity to ensure performance of work on the Project.

12.     At this time, Midtown does not waive the thirty (30) day automatic stay hearing requirement.

## CONCLUSION

WHEREFORE, Midtown respectfully requests that the Court enter an order: (i) granting this Motion; (ii) terminating the automatic stay, to the extent it applies, such that Midtown may exercise any and all of its rights and remedies with respect to the Debtor, the bankruptcy estate, and potential property of either; and (iii) granting Midtown such other and further relief to which it may be justly entitled.

RESPECTFULLY SUBMITTED on this the 10th day of March, 2016.

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  /s/ Edward A. Clarkson, III
          Davor Rukavina, Esq.
          Texas Bar No. 24030781
          Edward A. Clarkson, III, Esq.
          Texas Bar No. 24059118
          3800 Ross Tower
          500 N. Akard Street
          Dallas, Texas 75201
          Telephone: (214) 855-7500
          Facsimile: (214) 978-5359

**ATTORNEYS FOR MIDTOWN MARK, LLC**

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that, on the 9th day of March, 2016, he spoke with counsel for Debtor with respect to the relief requested in the Motion.  At this time, counsel for the Debtor does not consent to the relief requested in the Motion.  Further, the undersigned hereby certifies that, on the 10th of March, 2016, he spoke to John Paul Stanford, counsel to the Chapter 7 Trustee, and he reserved the right to review the Motion before he made a determination on whether to oppose the Motion.

By:  /s/ Edward A. Clarkson, III
          Edward A. Clarkson, III

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this the 10th day of March, 2016, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including counsel for Debtor, the Chapter 7 Trustee, and the United States Trustee, and that, on the same day, he caused true and correct copies of this document to be served by U.S. first class mail, postage prepaid, on the attached service list.

By:  /s/ Edward A. Clarkson, III
          Edward A. Clarkson, III